IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:15cr14-RH

CHRISTOPHER DESEAN SESSION,

    Defendant.

_____/

## ORDER DENYING A SENTENCE
## REDUCTION UNDER AMENDMENT 782

The defendant Christopher Desean Session has moved to reduce his sentence under United States Sentencing Guidelines Amendment 782. But Mr. Session's guideline range was calculated under the firearm guideline, not based on the drug guideline that was reduced by Amendment 782. He is not eligible for a reduction. This order denies relief.

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs

properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2016). For a firearm offense, the offense level ordinarily is based on the firearm guideline. *Id*. § 2K1.1. When a defendant is convicted of both a drug offense and a related firearm offense, the offenses are treated together—that is, grouped—and the offense level is the *higher* level as determined under either the drug or firearm guideline. *See id*. § 3D1.3(a).

Amendment 782 reduced the base offense level for most drug offenses. The amendment did not, however, affect the separate firearm base offense level. A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added). But a district court must not reduce the sentence of a defendant whose range has not been lowered. Because the firearm guideline range has not been changed, Mr. Session is not eligible for a reduction.

The Eleventh Circuit has repeatedly followed this same analysis, holding that defendants whose guideline ranges were calculated under other guidelines, not the drug guidelines, were ineligible for reductions under earlier amendments that, like Amendment 782, retroactively reduced drug guidelines. *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (holding ineligible for an Amendment 750 reduction a defendant whose range was calculated under the career-offender

guideline); *United States v. Moore*, 541 F. 3d 1323, 1327 (11th Cir. 2008) (same, Amendment 706).

For these reasons,

IT IS ORDERED:

1. The motion to reduce the sentence, ECF No. 87, is denied.

2. The clerk must provide a copy of this order to Mr. Session himself by mail and to the attorneys of record through the electronic filing system.

SO ORDERED on October 31, 2017.

                                              s/Robert L. Hinkle
                                              United States District Judge