IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                             Case Nos.:  5:15cr14/RH/EMT
                                                            5:17cv253/RH/EMT

CHRISTOPHER DESEAN SESSION

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Christopher Desean Session's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 85) and the Government's response in opposition (ECF No. 89).[1]  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, it is the opinion of the undersigned that an evidentiary hearing is not required in this case and that Session's § 2255 motion should be denied.  *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

---

[1] Session did not file a reply, despite having been afforded the opportunity to do so (*see* ECF No. 86).  He did file a notice of change of address (ECF No. 90) more than seven months after his reply would have been due.

PROCEDURAL BACKGROUND

On July 21, 2015, Defendant Christopher Desean Session was charged in a second superseding indictment with: possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) ("Count Two"); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three") (ECF No. 38). The charges stemmed from law enforcement's discovery of drugs, drug paraphernalia, and weapons during what was originally a stop for a traffic violation (*see* ECF No. 58, PSR ¶¶ 9–11.)[2]

Before trial, Session's appointed attorney Michelle Kathleen Daffin moved to suppress all items seized during the warrantless search of his vehicle as well as statements Session made at the time of his arrest (ECF No. 26). The district court denied the motion to suppress the firearms and controlled substances, but it suppressed as evidence the statements made by Session at the time of his arrest (*see* ECF Nos. 33, 71).

---

[2] At the time of the stop, Session had an active warrant for a child support matter (ECF No. 58, PSR ¶ 9).

Session proceeded to trial and a jury found him guilty of all three counts of the indictment (ECF Nos. 50, 51; ECF No. 73 at 281). On October 21, 2015, the court sentenced Session to concurrent terms of 46 months of imprisonment on Counts One and Two, followed by a consecutive 60-month term of imprisonment on Count Three (ECF Nos. 61, 75).

Session appealed the district court's denial of the motion to suppress the drugs and firearms discovered during the warrantless search of his vehicle. The Eleventh Circuit affirmed, finding there was probable cause for the search (ECF Nos. 80, 81). The United States Supreme Court denied certiorari on October 4, 2016 (ECF No. 84).

Session timely filed the instant § 2255 motion on September 26, 2017, pursuant to the prison mailbox rule. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"). He raises two claims for relief, each related to his motion to suppress the firearm and controlled substances seized from his vehicle at the time of his arrest.

## ANALYSIS

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

In this case, the only issue Session raised on appeal—the propriety of the district court's denial of his motion to suppress—is inextricably related to the two claims for relief he raises here. In his first claim Session asserts his Fourth and Sixth Amendment rights were violated by the district court's ruling. In his second claim he alleges the search of the vehicle violated his Fourth Amendment rights. Neither claim is cognizable in the instant proceeding, as issues decided adversely to him on direct appeal may not be relitigated in a collateral proceeding.

Session references the Sixth Amendment in his first claim, but he never specifically asserts a claim that counsel was constitutionally ineffective. In any event, if a defendant alleges his attorney performed deficiently for failing to competently litigate a Fourth Amendment claim, to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986);

*Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010). The Eleventh Circuit has already determined that Session's claim did not have merit because law enforcement had probable cause to search the vehicle based on the odor of marijuana and the officer's observation of "currency and plastic bags filled with 'orange, yellowish' pills" (ECF No. 80 at 3). Session has offered no new evidence or argument that counsel could have presented that would have resulted in a different outcome. Therefore, any ineffective assistance of counsel of claim, to the extent one has been raised, is without merit.

## CONCLUSION

An evidentiary hearing is not necessary for this court to resolve Session's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). For the foregoing reasons, the court finds that Session has not shown that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, his motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 85) be **DENIED**.

2. A certificate of appealability be **DENIED.**

Case Nos.: 5:15cr14/RH/EMT; 5:17cv253/RH/EMT

At Pensacola, Florida, this 11th day of October 2019.

          */s/ Elizabeth M. Timothy*
          **ELIZABETH M. TIMOTHY**
          **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:15cr14/RH/EMT; 5:17cv253/RH/EMT