IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                   CASES NO. 5:15cr14-RH-EMT
                                                         5:17cv253-RH-EMT

CHRISTOPHER DESEAN SESSION,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 91, and the unexplained objection, ECF No. 92. The defendant has also requested appointment of an attorney.

This order accepts the report and recommendation, adopts it as the court's opinion, denied the motion to appoint an attorney, and denies the § 2255 motion. As the report and recommendation correctly concludes, the § 2255 motion is in effect an effort to relitigate issues the defendant raised and lost in the original criminal proceeding in this court and on direct appeal. The defendant's position was unfounded then and is unfounded now.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The request to appoint an attorney is denied.

2. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

3. A certificate of appealability is denied.

SO ORDERED on November 17, 2019.

s/Robert L. Hinkle  
United States District Judge